UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PETER JOHN GRZESKOWIAK,

Petitioner,

v.

CHERYL RAMSTEAD-HVASS,

Respondent.

Civil No. 00-2004 (RHK/AJB)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.[1] These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

## I. BACKGROUND

On November 19, 1996, Petitioner was convicted in the district court for Polk County, Minnesota, on charges of third degree criminal sexual conduct. He received a 48-month prison sentence, and spent several years in state prison. He was given a

[1] This action was originally commenced in the U.S. District Court for the District of North Dakota, but the case was transferred to this District by order dated August 18, 2000. (Docket No.18.)

[2] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED AUG 31 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

conditional release sometime earlier this year, but he is now in custody again. He apparently is being held in a North Dakota county jail on charges of violating the conditions of his parole.

Following his conviction, Petitioner filed a direct appeal with the Minnesota Court of Appeals. That appeal was summarily dismissed, without a decision on the merits, on September 10, 1997. ("Appellant's Pro Se Brief;" Docket No. 7.) Thereafter, Petitioner brought a motion before the trial court, asking that the original trial court judge be removed from Petitioner's case. (Id.) Petitioner sought other collateral relief in that motion (pertaining to the preservation and development of evidence), (id.), but the motion did not directly challenge, or seek to overturn, Petitioner's conviction and/or sentence. It was not until August 31, 1998, that Petitioner filed a post-conviction motion asking the trial court to vacate his conviction and sentence. (Id.) That motion was denied in November 1998, and Petitioner then took another appeal. (Id.) The Court of Appeals affirmed the trial court's rejection of Petitioner's post-conviction claims, and upheld his conviction and sentence. (State v. Grzeskowiak, No. CX-99-66 (Minn.App. 1999), 1999 WL 970373 (unpublished opinion).) The Minnesota Supreme Court denied Petitioner's application for further review on December 14, 1999. (Id.)

On March 1, 2000, Petitioner tried to file a habeas corpus petition with the Minnesota Supreme Court, but that petition was summarily rejected a few days later. Petitioner later tried to file a habeas corpus petition in the state district court for Anoka County, but that petition was rejected on April 24, 2000. (See Petitioner's exhibits; Docket No. 7.) Petitioner then filed his current application seeking federal habeas corpus review.

The present petition is dated July 4, 2000, and it was received by the Clerk of Court in the U.S. District Court for the District of North Dakota, (see n. 1, supra), on July 18, 2000. The petition lists four grounds for relief, that Petitioner has labeled as follows

(1) "Massive amounts of induced/subordination of perjury, the illusion maintained by the county lawyer is only supported by delusions;"

(2) "Numerous discovery violations that allowed the county lawyer to suborn perjury and manufactor [sic] paper evidence, after the fact;"

(3) "jury misconduct;" and

(4) "Judicial corruption Judge Michael Kraker."

However, the Court will not address any of these claims on the merits, because the instant petition was not filed within the time limit prescribed by 28 U.S.C. § 2244(d).

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

> is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

There is nothing in Petitioner's submissions which would suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable here. In other words, there is no indication that Petitioner's claims are based on either new evidence that could not have been discovered earlier, or a newly-recognized constitutional right; nor is there any indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period.[3] Therefore, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction became final on direct appeal when the deadline for seeking further review in the Minnesota Supreme Court expired. 28 U.S.C. §

---

[3] Although Petitioner claims that his trial transcripts are incomplete, that obviously has not prevented him from filing his current petition for habeas corpus relief. Furthermore, there is no suggestion that any omissions from the transcripts are the result of any unconstitutional action by the State, (as opposed to mere negligence). Thus, for purposes of § 2244(d)(1)(B), the allegedly incomplete trial transcripts cannot be viewed as a state-created impediment that had to be cured before Petitioner could file his current petition.

2244(d)(1)(A). The State Court of Appeals dismissed Petitioner's direct appeal on September 10, 1997, and Petitioner had thirty days thereafter in which to seek further review. Minn. R. App. P. 117,subd. 1. Because Petitioner did not ask the State Supreme Court to review the dismissal of his direct appeal, that appeal became final for purposes of § 2244(d)(1)(A) on October 10, 1997, and that is the date when the statute of limitations began to run in this case.[4]

The statute of limitations ran for 324 days after October 10, 1997, but then it was tolled on August 31, 1998, when Petitioner filed his post-conviction motion in the trial court. The statute remained tolled during the entire period of time while the post-conviction proceedings were pending in the various Minnesota state courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). However, the statute began to run again after December 14, 1999 -- the date when the Minnesota Supreme Court denied Petitioner's request for further review of his post-conviction claims.[5] The statute of limitations then ran for another 202

---

[4] In Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999), our Court of Appeals held that state criminal convictions do not become final for statute of limitations purposes until the expiration of the deadline for seeking certiorari review in the U.S. Supreme Court. That rule is inapplicable here, however, because Petitioner forfeited the opportunity to seek certiorari review in the U.S. Supreme Court by not first seeking review on direct appeal in the Minnesota Supreme Court. See Sup.Ct.R. 13.1 (providing that the time period for seeking certiorari review runs from the final ruling by the "state court of last resort").

[5] The 90-day time period during which Petitioner could have sought certiorari review in the U.S. Supreme Court, (see n. 4, supra), does not come into play when determining when state post-conviction proceedings are no longer "pending" for purposes of § 2244(d)(2). Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999) (statute of limitations is not tolled during the period when a prisoner may seek certiorari review following an adverse ruling by the highest state court in a state post-conviction proceeding), cert. denied, 120 S.Ct. 808 (2000); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (same), cert. denied, 120 S.Ct. 1834 (2000); Ramos v. Walker, 88 F.Supp.2d 233,

days, from December 14, 1999, until July 4, 2000 – the deemed filing date of the instant petition.[6] Thus, the statute of limitations ran in this case for a total of 526 days – 324 days before the state post-conviction proceedings were initiated, plus 202 days after those proceedings were final.[7] This means that the instant petition was not filed until 161 days

---

236 (S.D.N.Y. 2000) (same); Neloms v. McLemore, No. 99-CV-75642 (E.D.Mich. May 22, 2000), 2000 WL 654942 at *1, n. 2 ("[s]ection 2244(d)(2) does not toll the limitations period from the time a state's highest court denies relief on post-conviction or other collateral review until the time in which an inmate could have petitioned the United States Supreme Court for a writ of certiorari"). Furthermore, adding another 90 days to the tolling period would not be enough to save the instant petition from being time-barred.

[6] Because Petitioner is entitled to the so-called "mail-box rule," (see Nichols v. Bowersox, 172 F.3d 1068,1077 (8th Cir. 1999)), his current petition is deemed to have been filed on the date when he gave it to prison officials for delivery to the Court, rather than the date when it was actually received and filed by the Clerk. Petitioner did not execute his petition until July 4, 2000, (Petition, p. (7)), so that obviously is the earliest date when he could have given it to prison officials for mailing. While it seems likely that he did not actually attempt to mail his petition until sometime later, the Court will give Petitioner the benefit of the doubt and assume that he tried to file his petition on the same date that he signed it. Therefore, for purposes of § 2244(d), the present petition is deemed to have been filed -- and the statute of limitations stopped running in this case – on July 4, 2000.

[7] Petitioner might believe that a post-conviction motion does much more than just temporarily stop the statute of limitations from running while the post-conviction proceedings are pending. He may think that filing a post-conviction motion actually 'resets the clock,' so that a prisoner gets a fresh new one-year limitation period that does not begin until the state post-conviction proceedings are completed. That, however, is simply not the case. As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at *4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation

after the one-year (365-day) statute of limitations period had expired. The petition is therefore time-barred.

The Court has not overlooked the fact that Petitioner pursued habeas corpus relief in the Minnesota state courts during March and April of this year. However, based on the limited information provided by Petitioner, it appears that his state court habeas petitions were summarily rejected because they were not properly filed. Since only "properly filed" applications for post-conviction relief will toll the statute of limitations, (28 U.S.C. § 2244(d)(2)), Petitioner's defective state habeas applications would not have any tolling effect. Moreover, even if those applications did toll the statute, the instant petition still would be time-barred, because it appears that those applications were pending in the state courts, at most, only between March 1, 2000 and April 24, 2000 – a total of 55 days. An additional 55-day tolling period would not change the outcome of the statute of limitations analysis, because the instant petition would still be 106 days too late.

**III. CONCLUSION**

Because Petitioner's current application for habeas corpus relief is clearly time-barred under 28 U.S.C. § 2244(d)(1), it will be recommended that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 cases. It follows that

---

would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir. 2000), pet. for cert. filed July 5, 2000 (No. 00-40); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

all of Petitioner's various motions and requests for collateral relief must be denied.[8]

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

(1) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254, (Docket No. 3), be summarily DENIED;

(2) Petitioner's motion for appointment of counsel, (Docket No. 4) be DENIED;

(3) Petitioner's motions for production of evidence, (Docket Nos. 5, 10, and 11), be DENIED;

(4) Petitioner's motion to stay sentence, (Docket No. 7) be DENIED;

(5) Petitioner's motion for leave to amend petition, (Docket No. 13), be DENIED;

(6) Petitioner's motion for DNA testing and for a psychologist evaluation, (Docket No. 14), be DENIED; and

(7) this action be DISMISSED WITH PREJUDICE.

DATED: August 31st, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

---

[8] These pending collateral motions are as follows: (1) a motion for appointment of counsel, (Docket No. 4); (2) a motion to stay sentence, (Docket No. 7); (3) a motion for leave to amend petition, (Docket No. 13); (4) a motion for DNA testing and a psychologist evaluation, (Docket No. 14); and (5) three separate motions for production of evidence, (Docket Nos. 5, 10, and 11).

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.