**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

PETER JOHN GRZESKOWIAK,

Petitioner,

v.

SHERYL RAMSTAD HVASS,

Respondent.

Civil No. 00-2004 (RHK/AJB)

**MEMORANDUM AND ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 1996 state court conviction for criminal sexual conduct. The matter was assigned to Magistrate Judge Arthur J. Boylan, who recommended that the petition be dismissed because it was not filed within the one-year statute of limitations prescribed at 28 U.S.C. § 2244(d). (Report and Recommendation ["R&R"] dated August 31, 2000; Docket No. 22.) Petitioner filed objections to the R&R, (Docket No. 23), which prompted this Court to conduct a de novo review of the matter. By order dated September 19, 2000, (Docket No. 26), the Court overruled Petitioner's objections, adopted the R&R, and held that the action should be dismissed with prejudice.[1]

On October 17, 2000, Petitioner filed a notice of appeal. (Docket No. 32.) He also filed an "Application For Certificate of Appealability," (Docket No. 33), which is now before the Court.

---

[1] Petitioner apparently filed his original objections to the R&R before he ever saw a copy of the R&R. However, he never filed a motion asking for additional time to respond to the R&R, (either before or after he received a copy of it), so the Court conducted its de novo review based on the original objections, (Docket No. 23). After the Court had already adopted the R&R and ordered that the case be dismissed (on September 19, 2000), Petitioner filed a second set of objections to the R&R (dated October 11, 2000), (Docket No. 31). Although Petitioner's second set of objections was untimely, the Court did review and consider them before entering the present order.

FILED NOV 09 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**DISCUSSION**

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S.Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner is asking for a COA that would allow the Eighth Circuit Court of Appeals to review and reverse this Court's determination that his habeas corpus petition is procedurally barred by the statute of limitations. In its recent decision in Slack v. McDaniel, the Supreme Court explained how the federal district courts should handle COA requests in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

120 S.Ct. at 1604.

Here, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id.

Petitioner's COA application and second set of objections to the R&R (see n. 1, supra), are mostly rambling diatribes, which do not clearly identify any specific claims for relief. The Court has been able to discern only two specific arguments that Petitioner apparently wishes to raise on appeal. First, he appears to contend that his federal habeas petition was filed too late because he received ineffective legal assistance from the various attorneys who represented him after his trial was

completed. Second, he appears to contend that the alleged disappearance of certain portions of his trial transcript constitutes a "state-created impediment" that affects the commencement date of the one-year limitation period. The Court finds that neither of these arguments warrants appellate review.

**(i) Ineffective Assistance of Counsel**

Petitioner initially contends that the tardiness of his habeas petition should be excused because he received ineffective assistance of counsel.[2] He claims that the attorneys who represented him during and after his direct appeal committed a number of errors that supposedly prevented him from seeking federal habeas relief in a timely manner. This argument is unavailing.

First, even if Petitioner's counsel on direct appeal did make some mistake, (an assumption that has not been adequately substantiated), Petitioner has failed to explain how that mistake supposedly prevented him from filing his habeas petition within the one-year limitation period established by § 2244(d). After all, the statute of limitations did not begin to run until after Petitioner's direct state court appeal was fully completed, (see § 2244(d)(1)(A)), and an error committed before the statute of limitations even began to run would have no self-evident effect on Petitioner's ability to seek federal habeas relief in a timely manner. Thus, Petitioner's bare assertion that he received ineffective assistance of counsel on direct appeal will not excuse the tardiness of his current petition.

To the extent that Petitioner's arguments are based on attorney errors that allegedly occurred after his direct appeal was over, he cannot prevail because he had no constitutional right to effective assistance of counsel beyond the direct appeal stage of his case. An attorney error that occurs when an individual has no constitutional right to counsel cannot excuse a procedural default. Coleman v.

---

[2] Petitioner indicates that he has been represented by four attorneys (so far) in connection with his criminal case. He claims that he "fired" his first three attorneys, and that the fourth one "quit" for reasons that are not clearly explained.

Thompson, 501 U.S. 722, 752-53 (1991).

An individual is constitutionally entitled to effective assistance of counsel only when he or she has a right to be represented by counsel under the Sixth Amendment. "Where there is no right to counsel there can be no right to effective assistance of counsel." Pollard v. Delo, 28 F.3d 887, 888 (8th Cir.), cert. denied, 513 U.S. 1003 (1994). After Petitioner's direct state court appeal was over, he no longer had a Sixth Amendment right to counsel. Morris v. Norris, 83 F.3d 268, 270 (8th Cir. 1996); Pennsylvania v. Finley, 481 U.S. 551 (1987); Murray v. Giarratano, 492 U.S. 1 (1989). Therefore, any error that Petitioner's attorneys might have committed after Petitioner's direct appeal was dismissed, cannot be viewed as ineffective assistance of counsel. See Wainright v. Torna, 455 U.S. 586, 586-87 (1982) (per curiam) (when there is no Sixth Amendment right to counsel, there is no basis for claiming ineffective assistance of counsel).

In sum, "there is no right to counsel in post-conviction proceedings, and therefore ineffective assistance of post-conviction counsel cannot excuse a procedural default." Morris, 83 F.3d at 270. See also Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (error by post-conviction counsel does not allow "equitable tolling" of the statute of limitations); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (same). Thus, any error committed by Petitioner's counsel after his direct appeal was over could not excuse his failure to file his federal habeas corpus petition within the one-year time limit prescribed by § 2244(d).

**(ii) Missing Trial Transcripts**

Petitioner also contends that certain parts of the transcript from his trial have been lost, and that the missing transcript parts should be viewed as a "state-created impediment" affecting the commencement date of the one-year statute of limitations. This argument apparently is based on §

2244(d)(1)(B), which provides that the one-year habeas limitations period does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." (Emphasis added.)

Even it if is assumed that the allegedly missing portion of the trial transcript constitutes an impediment created by the State of Minnesota in violation of federal law or the Constitution, Petitioner's reliance on § 2244(d)(1)(B) is still unavailing . The missing transcripts argument fails, because Petitioner has not explained why the transcript gaps prevented him from filing his current habeas petition in a timely manner. It appears that Petitioner has known about the transcript gaps since June of 1997, (Petitioner's "Application For Certificate Of Appealability," p. 4), and that the missing parts of the transcripts still have not been located. Petitioner obviously was able to file a federal habeas corpus petition in July 2000, without the missing portions of the transcript. He has failed to explain why he was able to file his petition when he did, even without complete transcripts, but he was (supposedly) unable to file his petition any earlier. Therefore, the missing transcripts cannot be viewed as an impediment that prevented Petitioner from filing his habeas petition in a timely manner.

## CONCLUSION

Thus the Court concludes (once again) that Petitioner's current habeas corpus petition was properly dismissed because it was time-barred. Petitioner has offered no valid reason to think that any other court – including the Eighth Circuit Court of Appeals – could find that his petition was timely. Nor has Petitioner identified anything otherwise novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. In short, the Court finds that Petitioner has not

shown that "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Slack, 120 S.Ct. at 1604. Petitioner's request for a COA must therefore be denied.[3]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's Application For Certificate of Appealability, (Docket No. 33), is DENIED.

Dated: November 9, 2000

RICHARD H. KYLE
United States District Court Judge

[3] If Petitioner attempts to prosecute his appeal despite the denial of a COA, he presumably will have to either pay the full $105 filing fee for his appeal, or else seek and obtain leave to proceed in forma pauperis, ("IFP"). At present, there is no IFP application before the Court, so Petitioner's eligibility for IFP status on appeal is not now before the Court and will not be decided here.